Brook B. Bond, SBN 144815
PARSONS BEHLE & LATIMER
960 Broadway Avenue, Suite 250
Boise, Idaho 83706
Telephone: (208) 562-4900
Facsimile: (208) 562-4901
Email: bbond@parsonsbehle.com

Attorney for Defendant
OrGano Gold Int'l, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TITAN GLOBAL LLC, a Nevada Limited Liability Company; MATHEW RASMUSSEN and LISA RASMUSSEN, husband and wife, residents of California,<br><br>Plaintiffs,<br><br>v.<br><br>ORGANO GOLD INT'L, INC., a Washington corporation; HOLTON BUGGS JR. and JANE DOE BUGGS, Texas residents; ROMACIO FULCHER, a single man and a California resident; RRAMON FULCHER SR. and TYRA FULCHER, husband and wife, California residents; KYLE A. SOLON, a single man and a California resident; JOHN DOES AND JANE DOES 1-25; JOHN DOES AND JANE DOES 26-50; XYZ CORPORATIONS AND LLC'S 1-25; and XYZ CORPORATIONS AND LLCS 1-25,<br><br>Defendants. | Case No. 5:12-CV-2104-LHK<br>Honorable Lucy H. Koh<br><br>STIPULATED PROTECTIVE ORDER |

1. **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for

STIPULATED PROTECTIVE ORDER - 1

PARSONS BEHLE & LATIMER
960 S. Broadway Ave.
Suite 250
Boise, ID 83706
O: (208) 562-4900
F: (208) 562-4901

any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

    2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

    2.3 Counsel (without qualifier): Outside Counsel of Record, attorneys employed by or contracted by the law firms of the Outside Counsel of Record, and their support staff.

    2.4 Deleted.

    2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery, during a deposition, or, for a Party, in accordance with section 5.4 of this Order, as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

PARSONS BEHLE & LATIMER
960 S. Broadway Ave.
Suite 250
Boise, ID 83706
O: (208) 562-4900
F: (208) 562-4901

STIPULATED PROTECTIVE ORDER - 2

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. The Parties agree that customer lists, organization lists, distributor lists, and the like meet the requirements for a HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY designation.

2.9 Deleted.

2.10 Deleted.

2.11 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

STIPULATED PROTECTIVE ORDER - 3

PARSONS BEHLE & LATIMER
960 S. Broadway Ave.
Suite 250
Boise, ID 83706
O: (208) 562-4900
F: (208) 562-4901

2.16 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.17 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover Disclosure or Discovery Material and Protected Material (as defined above), including (1) any information copied or extracted from Protected Material and Disclosure or Discovery Material; (2) all copies, excerpts, summaries, or compilations of Protected Material and Disclosure or Discovery Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material and Disclosure or Discovery Material.

4. <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. <u>DESIGNATING PROTECTED MATERIAL</u>

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

PARSONS BEHLE & LATIMER
960 S. Broadway Ave.
Suite 250
Boise, ID 83706
O: (208) 562-4900
F: (208) 562-4901

STIPULATED PROTECTIVE ORDER - 4

1 Designations that are shown to be clearly unjustified or that have been made for an improper 2 purpose (e.g., to unnecessarily encumber or retard the case development process or to impose 3 unnecessary expenses and burdens on other parties) expose the Designating Party to potential sanctions.

4 If it comes to a Designating Party's attention that information or items that it designated for 5 protection do not qualify for protection at all or do not qualify for the level of protection initially 6 asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken 7 designation.

8 5.2 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, 9 e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or 10 Discovery Material that qualifies as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – 11 ATTORNEYS' EYES ONLY" under this Order must be clearly so designated before the material is 12 disclosed or produced.  Designation in conformity with this Order requires:

13 (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but 14 excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix 15 the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to 16 each page that contains protected material.

17 A Party or Non-Party that makes original documents or materials available for inspection need 18 not designate them for specific protection until after the inspecting Party has indicated which material it 19 would like copied and produced.  During the inspection and before the designation, all of the material 20 made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES 21 ONLY."  After the inspecting Party has identified the documents it wants copied and produced, the 22 Producing Party must determine which documents, or portions thereof, qualify for specific protection 23 under this Order.  Then, before producing the specified documents, the Producing Party must affix the

24

PARSONS BEHLE &
LATIMER
960 S. Broadway Ave.
Suite 250
Boise, ID 83706
O: (208) 562-4900
F: (208) 562-4901

STIPULATED PROTECTIVE ORDER - 5

1 appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
2 ONLY") to each page that contains Protected Material.

3         (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the
4 Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding,
5 all protected testimony and specify the level of specific protection being asserted. When it is impractical
6 to identify separately each portion of testimony that is entitled to protection and it appears that
7 substantial portions of the testimony may qualify for protection, the Designating Party may invoke on
8 the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21
9 days to identify the specific portions of the testimony as to which protection is sought and to specify the
10 level of protection being asserted. Alternatively, a Designating Party may specify, at the deposition or
11 up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as
12 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

13     Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other
14 proceeding to include Protected Material so that the other parties can ensure that only authorized
15 individuals are present at those proceedings. The use of a document as an exhibit at a deposition shall
16 not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
17 ATTORNEYS' EYES ONLY."

18     Transcripts containing Protected Material shall have an obvious legend on the title page that the
19 transcript contains Protected Material, and the title page shall be followed by a list of all pages
20 (including line numbers as appropriate) that have been designated as Protected Material and the level of
21 protection being asserted by the Designating Party. The Designating Party shall inform the court
22 reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period
23 for designation shall be treated during that period as if it had been designated "HIGHLY

24

PARSONS BEHLE &
LATIMER
960 S. Broadway Ave.
Suite 250
Boise, ID 83706
O: (208) 562-4900
F: (208) 562-4901

STIPULATED PROTECTIVE ORDER - 6

CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

        (c)    <u>for information produced in some form other than documentary and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

        5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

        5.4    <u>Designations by Another Party</u>. If a Party other than the Producing Party believes that a Producing Party has produced information or items that contain or constitute "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information of the non-Producing Party, the non-producing Party may designate the documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by so notifying all parties in writing within fourteen (14) days of service of the information or item, or in accordance with section 5.2(b) of this Order if the information or items are introduced at a deposition.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

        6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or

PARSONS BEHLE &
LATIMER
960 S. Broadway Ave.
Suite 250
Boise, ID 83706
O: (208) 562-4900
F: (208) 562-4901

STIPULATED PROTECTIVE ORDER - 7

1  a significant disruption or delay of the litigation, a Party does not waive its right to challenge a
2  confidentiality designation by electing not to mount a challenge promptly after the original designation
3  is disclosed.

4        6.2    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by
5  providing written notice of each designation it is challenging and describing the basis for each challenge.
6  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the
7  challenge to confidentiality is being made in accordance with this specific paragraph of the Protective
8  Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by
9  conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within
10 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for
11 its belief that the confidentiality designation was not proper and must give the Designating Party an
12 opportunity to review the designated material, to reconsider the circumstances, and, if no change in
13 designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed
14 to the next stage of the challenge process only if it has engaged in this meet and confer process first or
15 establishes that the Designating Party is unwilling to participate in the meet and confer process in a
16 timely manner.

17       6.3    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention,
18 the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7
19 (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) within 21 days of
20 the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process
21 will not resolve their dispute, whichever is earlier.[1]  Each such motion must be accompanied by a
22 competent declaration affirming that the movant has complied with the meet and confer requirements

---

[1] It may be appropriate in certain circumstances for the parties to agree to shift the burden to move on the Challenging Party after a certain number of challenges are made to avoid an abuse of the process. The burden of persuasion would remain on the Designating Party.

STIPULATED PROTECTIVE ORDER - 8

PARSONS BEHLE & LATIMER
960 S. Broadway Ave.
Suite 250
Boise, ID 83706
O: (208) 562-4900
F: (208) 562-4901

imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL AND DISCLOSURE OR DISCOVERY MATERIAL**

7.1   <u>Basic Principles</u>.   A Receiving Party may use Protected Material and Disclosure or Discovery Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. A Receiving Party may disclose Protected Material and Disclosure or Discovery Material only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

STIPULATED PROTECTIVE ORDER - 9

Protected Material and Disclosure or Discovery Material must be stored and maintained by a Receiving Party at a location and in a secure manner[2] that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees, agents, Professional Vendors, professional jury or trial consultants, and mock jurors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) current or former officers, members, directors, agents, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court, any subsequent appellate court(s), and their personnel;

(e) court reporters and their staff;

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Should a witness decline to sign Exhibit A at or before a deposition, confidential information may be provided to that witness in the form of oral questions but documentary information designated as confidential shall not be provided unless

---

[2] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

PARSONS BEHLE & LATIMER
960 S. Broadway Ave.
Suite 250
Boise, ID 83706
O: (208) 562-4900
F: (208) 562-4901

STIPULATED PROTECTIVE ORDER - 10

and until the witness signs Exhibit A. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees, agents, and Professional Vendors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed;

(c) the court and its personnel, and any subsequent appellate court(s), and their personnel;

(d) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation; and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to Experts</u>.

(a)(1) Deleted.

PARSONS BEHLE & LATIMER
960 S. Broadway Ave.
Suite 250
Boise, ID 83706
O: (208) 562-4900
F: (208) 562-4901

STIPULATED PROTECTIVE ORDER - 11

(a)(2) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or items may be disclosed to an Expert without disclosure of the identity of the Expert as long as the Expert is not a current officer, director, or employee of a network marketing company, a distributor of a network marketing company, or a competitor of a Party or anticipated to become such.

(b) Deleted.

(c) Deleted.

8. DELETED

9. DELETED

10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[3]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or

---

[3] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

STIPULATED PROTECTIVE ORDER - 12

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that

STIPULATED PROTECTIVE ORDER - 13

is subject to the confidentiality agreement with the Non-Party before a determination by the court.[4] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL AND/OR DISCLOSURE OR DISCOVERY MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material, Disclosure or Discovery Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

---

[4] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

PARSONS BEHLE & LATIMER
960 S. Broadway Ave.
Suite 250
Boise, ID 83706
O: (208) 562-4900
F: (208) 562-4901

STIPULATED PROTECTIVE ORDER - 14

14. **MISCELLANEOUS**

14.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3 <u>Deleted</u>.

14.4 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

15. **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material and Disclosure or Discovery Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material and Disclosure or Discovery Material" includes all copies, abstracts, compilations, summaries, and any other

PARSONS BEHLE &
LATIMER
960 S. Broadway Ave.
Suite 250
Boise, ID 83706
O: (208) 562-4900
F: (208) 562-4901

STIPULATED PROTECTIVE ORDER - 15

format reproducing or capturing any of the Protected Material and Disclosure or Discovery Material. Whether the Protected Material and Disclosure or Discovery Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material and Disclosure or Discovery Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material and Disclosure or Discovery Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material and Disclosure or Discovery Material. Any such archival copies that contain or constitute Protected Material and Disclosure or Discovery Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED THIS 8th day of January, 2013.

LAW OFFICES OF DAVID G. EISENSTEIN, P.C.

By */s/ David G. Eisenstein*
David G. Eisenstein
Attorneys for Plaintiffs
Titan Global LLC, Mathew Rasmussen, and Lisa Rasmussen

PARSONS BEHLE & LATIMER
960 S. Broadway Ave.
Suite 250
Boise, ID 83706
O: (208) 562-4900
F: (208) 562-4901

STIPULATED PROTECTIVE ORDER - 16

DATED THIS 8th day of January, 2013.

                              PARSONS BEHLE & LATIMER

                              By */s/ Brook B. Bond*
                                  Brook B. Bond
                              Attorneys for Defendant
                              OrGano Gold Int'l, Inc.

DATED THIS 8th day of January, 2013.

                              WELLMAN & WARREN LP

                              By */s/ Anabella Bonfa*
                                  Scott W. Wellman
                                  Anabella Bonfa
                              Attorneys for Defendants
                              Holton Buggs and Earlene Buggs

DATED THIS 8th day of January, 2013.

                              WEINTRAUB TOBIN CHEDIAK COLEMAN
                              GRODIN Law Corporation

                              By */s/ James Kachmar*
                                  James Kachmar
                              Attorneys for Defendants
                              Romacio Fulcher, Rramon Fulcher, Sr., Tyra
                              Fulcher, and Kyle A. Solon

PARSONS BEHLE & LATIMER
960 S. Broadway Ave.
Suite 250
Boise, ID 83706
O: (208) 562-4900
F: (208) 562-4901

STIPULATED PROTECTIVE ORDER - 17

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED THIS __9th__ day of ____January____, 2013.

_Lucy H. Koh_
Honorable Lucy H. Koh
District Judge

PARSONS BEHLE &
LATIMER
960 S. Broadway Ave.
Suite 250
Boise, ID 83706
O: (208) 562-4900
F: (208) 562-4901

STIPULATED PROTECTIVE ORDER - 18

# EXHIBIT A
## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the case of *Titan Global LLC et al. v. OrGano Gold Int'l, Inc. et al.*, N.D. Cal. Case No. 5:12-CV-2104-LHK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and state where sworn and signed: _____

Printed name: _____

Signature: _____

PARSONS BEHLE &
LATIMER
960 S. Broadway Ave.
Suite 250
Boise, ID 83706
O: (208) 562-4900
F: (208) 562-4901

STIPULATED PROTECTIVE ORDER - 19